ALB:DJL
F.# 2018R00998/OCDETF#NY-NYE-839

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – X

UNITED STATES OF AMERICA

- against -

NOEL SAMUELS,

         Defendant.

– – – – – – – – – – – X

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(T. 21, U.S.C., § 846))

20-588M

**TO BE FILED UNDER SEAL**

EASTERN DISTRICT OF NEW YORK, SS:

      GARY BAILEY, being duly sworn, deposes and states that he is a Special Agent with the Internal Revenue Service ("IRS"), duly appointed according to law and acting as such.

      In or about and between January 2020 and February 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NOEL SAMUELS, together with others, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, which offense involved a substance containing tramadol, a Schedule IV controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

      (Title 21, United States Code, Section 846)

The source of your deponent's information and the grounds for his belief are as follows:[1]

## INTRODUCTION

1. I am a Special Agent with the IRS , and have been so employed for approximately ten years. In my capacity as an IRS Special Agent, I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for federal narcotics offenses, narcotics trafficking into the United States and money laundering offenses. I have participated in investigations involving arrest warrants, and the use of surveillance, confidential informants, cooperating defendants and undercover operations. I have also received training to (a) review and analyze taped conversations and records of drug traffickers and money launderers and (b) debrief cooperating drug traffickers and money launderers. Through my training, education and experience, I have also become familiar with (a) the manner in which illegal drugs are imported and distributed; (b) the method of payment for such drugs; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement, such as through the laundering of monetary instruments and the concealment of evidence of crimes.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation described herein. The facts set forth in this affidavit are based, in part, on information that I have learned from the review of written documents

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

prepared by, and conversations with, members of the IRS and Drug Enforcement Administration ("DEA") and other law enforcement agencies and investigators; surveillance; and my review of documents obtained by subpoena. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE TO ARREST THE DEFENDANT

3. Beginning in approximately January 2020, a confidential source ("CS-1")[2] advised law enforcement officers of a narcotics trafficking operation in New York City. Specifically, CS-1 discussed individuals distributing kilogram quantities of narcotics from a source of supply in Mexico to Los Angeles, California and New York City.

4. In or about early January 2020, CS-1 spoke with one of the defendant NOEL SAMUELS' coconspirators (hereinafter "Coconspirator-1"). Coconspirator-1 told CS-1 that his partner (hereinafter "Coconspirator-2")[3] was attempting to contact CS-1 with respect to distributing narcotics. Coconspirator-1 stated to CS-1 that he wanted to supply his partner, Coconspirator-2, with the narcotics and for Coconspirator-2 to then sell those narcotics to CS-1. Coconspirator-1 indicated that because this was a new distribution arrangement, that the three individuals should start with a test sample of 100 grams of heroin.

---

[2] CS-1 has been working with the DEA and IRS since approximately July 2019 after having been arrested in connection with drug charges. CS-1's information has proven to be reliable in this investigation and previous cooperation has resulted in the discovery of several narcotics trafficking operations throughout the United States and Mexico.
[3] In the course of this investigation, law enforcement officers have come to learn the identities of Coconspirator-1 and Coconspirator-2.

5. Soon thereafter, the three individuals began arranging the specifics of the transaction. CS-1 indicated that he had an associate in New York City who would pick up the sample. That individual was a confidential source working with law enforcement ("CS-2").[4] Coconspirator-2 indicated that he also had an associate in New York City. That associate was the defendant NOEL SAMUELS. Coconspirator-2 indicated that SAMUELS was available to drop off the heroin to CS-2, and that SAMUELS and CS-2 could coordinate the date and time.

6. On January 23, 2020, CS-2 coordinated a meeting with the defendant NOEL SAMUELS, in Long Island City, New York, to purchase the narcotics. The two communicated by phone to arrange the meeting time and location.

7. Prior to the meeting, law enforcement officers searched CS-2 and his vehicle and confirmed that no contraband was present. Additionally, law enforcement officers provided CS-2 with a recording device to record the meeting. Law enforcement officers then surveilled the meeting.

8. CS-2 arrived at the meeting location at approximately 8:14 p.m., and the defendant NOEL SAMUELS got into CS-2's vehicle. As soon as SAMUELS entered, he handed CS-2 a package and indicated that it contained the narcotics. CS-2 received the

---

[4] In or about February 2018, CS-2 was arrested in the Eastern District of New York pursuant to a complaint charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846. CS-2's information has proven reliable and been corroborated by independent evidence including surveillance, phone records, vehicle registration records and controlled narcotics purchases. CS-2 is cooperating with law enforcement authorities with the hope that CS-2 will be able to plead guilty to a cooperation agreement and receive leniency at sentencing.

narcotics and confirmed with SAMUELS that SAMUELS would be the one to deliver the heroin for the next transaction.

9. The defendant NOEL SAMUELS then exited the vehicle and left. Minutes after SAMUELS left, Coconspirator 2 called CS-2 to confirm that SAMUELS provided the heroin and that the deal was acceptable. CS-2 indicated that SAMUELS did indeed drop off a package.

10. Following the meeting, CS-2 returned to meet with law enforcement officers, providing them with the bag and the substance that the defendant NOEL SAMUELS provided.

11. Law enforcement officers submitted the substance to the DEA Northeast Laboratory for testing. The test results revealed that, despite Coconspirator-1, Coconspirator-2 and the defendant NOEL SAMUELS, indicating that the substance was heroin, it was in fact, tramadol, an opioid and a Schedule IV controlled substance.

12. Following the purchase of narcotics, law enforcement officers continued to surveil the defendant NOEL SAMUELS. On March 3, 2020, law enforcement officers approached SAMUELS. Law enforcement officers asked to speak with SAMUELS and he agreed. Law enforcement officers provided Samuels with his <u>Miranda</u> warnings and confirmed that SAMUELS understood them. SAMUELS agreed to waive his rights and speak to officers. In sum and substance, SAMUELS confirmed that he worked for Coconspirator-2 as his representative in New York City. In sum and substance, SAMUELS stated that his job was to drop off money and packages.

## SEALING REQUEST

IT IS FURTHER REQUESTED that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including this affidavit and the requested arrest warrants. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits via the Internet, and disseminate them to other criminals as they deem appropriate, e.g., by posting them publicly through online forums. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, and notify confederates.

WHEREFORE, your deponent respectfully requests that arrest warrants be issued so that the defendant NOEL SAMUELS may be dealt with according to law.

Dated: Brooklyn, New York
      July 29, 2020

/s/ *Gary Bailey*

GARY BAILEY
Special Agent
Drug Enforcement Administration

Sworn to before me, telephonically,
this ___ day of July, 2020

███████████████████████
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK